JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-52 PA (SSx) | Date | January 6, 2017 |
|---|---|---|---|
| Title | Colonial Hotel v. Birdsong Sherese, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed on January 4, 2017, by Patrick Hernandez on behalf of defendant Birdsong Sherese ("Defendant"). In its Complaint, plaintiff Colonial Hotel ("Plaintiff") alleges a single state law claim for unlawful detainer. Defendant asserts that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption." Id. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d 318 (emphasis in original). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, the underlying Complaint contains only a single cause of action for unlawful detainer. Defendant alleges that removal is proper because the action stems from his non-payment of rent due to alleged violations of the Fair Housing Act. Defendant's allegations do not provide a proper basis for removal, as neither a federal defense nor an actual or anticipated federal counterclaim forms a basis for

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 17-52 PA (SSx) | Date | January 6, 2017 |
|---|---|---|---|
| Title | Colonial Hotel v. Birdsong Sherese, et al. | | |

removal.  See, e.g., Vaden v. Discover Bank, 556 U.S. 49, 61-62, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009).  Additionally, because the Complaint alleges only a state law claim for unlawful detainer, it does not present a claim "arising under" federal law.

     For the foregoing reasons, Defendant has failed to meet her burden of showing that federal question jurisdiction exists over this action.  Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Case No. 16R05661.  See 28 U.S.C. § 1447(c).  Patrick Hernandez's Request to Proceed in Forma Pauperis (Docket No. 4) is denied as moot.

     IT IS SO ORDERED.